Gertrude Wolf STOREY et al.,
Appellants,

v.

The DICK MATZ AGENCY, Appellee.

No. 12400.

Court of Civil Appeals of Texas,
Austin.

May 26, 1976.

Rehearing Denied June 16, 1976.

Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellants.

Douglass D. Hearne, Stayton, Maloney, Hearne & Babb, Austin, for appellee.

O'QUINN, Justice.

Opposing parties in this cause disagree as to the total commissions due the agent who effected sale of two parcels of real property under written contracts between the parties. There is no claim by either party that the contracts, identical in terms on the subject of commissions, are ambiguous. The amounts of the commissions due the agent will be determined as a question of law under construction of the written instruments.

Appellants, Gertrude Wolf Storey and Marguerite Wolf Lee, are former owners of two contiguous tracts of land in Williamson

County, each tract containing 100 acres. Each appellant entered into a written contract to sell her land to Richard L. Matz, as trustee, and also contracted in writing to pay real estate commissions to The Dick Matz Agency, an unincorporated real estate agency in Austin, operated by Richard L. Matz, a licensed broker.

The sales were completed early in December of 1974, and thereafter controversy as to the total amount of the commissions originated when the parties failed to agree as to the effect of their writings concerning the commissions.

The Matz agency brought suit for declaratory judgment in April of 1975 seeking to establish the agency's right to interest on its commissions, which under the contracts are payable in installments coincident with installment payments received by the sellers on purchase money notes bearing interest. Sellers contend that the total commission, under each contract, is six percent of the "sales price," or the "total consideration," and that there is no agreement to pay interest on the commission, even though paid in installments instead of a lump sum.

The trial court agreed with Matz and entered judgment awarding Matz interest on the deferred payments of commissions. We will reverse the judgment of the trial court and will render judgment that Matz agency take nothing by its suit.

The controlling provisions of the contracts are set out in the sequence below.

Paragraph 3.A. provides:

"The *total consideration* for the sale and conveyance of the premises (hereinafter sometimes referred to as the '*total consideration*') shall be *computed by multiplying the total number of acres* contained in the premises (as certified by the surveyor . . .) *times the sum of five Thousand Five Hundred and No/100 Dollars* ($5,500.00), such consideration, as finally determined, to be payable as follows . ." followed by detailed directions for initial and installment payments. (Emphasis added)

Provision for payment of commissions is made in paragraph 17 of the contracts:

"Seller agrees to pay a real estate commission, upon and subject to the consummation of the transaction contemplated hereby, to Dick Matz Agency (as 'Agent'), *in an amount equal to six percent (6%) of the total consideration,* which commission shall be *payable on the terms and at the times set forth in the Agreement attached hereto as Exhibit 'F'* and made a part hereof for all purposes. Seller and Agent shall enter such Agreement at closing. . . ." (Emphasis added)

The agreement described as Exhibit "F", setting forth the terms and times for payment of the commissions, is quoted in pertinent part:

". . . Seller . . . and Agent . . . hereby indicate our agreement that the commission owed to Agent from the sale of property described on the attached Exhibit 'A' which is incorporated herein by reference, *pursuant to the contract from Seller* dated [blank], *such commission being 6% of the sales price of* [blank], shall be paid as follows:

"Seller shall pay to Agent *6% of the actual cash received* in connection with said sale upon actual receipt thereof. *Said 6% shall be inclusive of all payments, principal and interest,* and shall be paid to Agent immediately upon Seller's receipt thereof, and shall be paid only upon Seller's actual receipt thereof." (Emphasis added)

It is undisputed that the sales price, or total consideration, in each transaction, when calculated by multiplying the number of acres (100) times the price per acre ($5,500), amounted to $550,000.00. Under paragraphs 3.A. and 17 of the contract it is clear that under this formula the total commission for each sale would be six percent of $550,000.00. Matz agency contends that under Exhibit "F", purporting to set forth the terms on which the commission "shall be payable" and the times for payment, the agency is entitled to interest at six percent, in addition to the commission of "6% of the

sales price" (paragraph 17) or "6% of the total consideration" (Exhibit "F").

Neither Matz agency nor sellers contend that the contracts are ambiguous. Matz disclaims ambiguity on appeal and invokes the rule that a contract not alleged to be ambiguous by either party is to be construed from the language of the contract itself. Sellers in their motion for summary judgment urged that the agreements are unambiguous.

■ The rule is firmly established that if there is no ambiguity in a contract in writing, construction of the instrument becomes a question of law to be determined by the court. *City of Pinehurst v. Spooner Addition Water Company,* 432 S.W.2d 515, 518 (Tex.Sup.1968). In *Pinehurst* the Court affirmed the rule that in construing a contract without ambiguity the courts "give effect to the intention of the parties as expressed or as is apparent in the writing."

■ The specific amount of the commission is set forth in paragraph 17, in clearly stating "an amount equal to six percent (6%) of the total consideration," and in Exhibit "F", where the amount is reiterated "such commission being 6% of the sales price." Paragraph 3.A. leaves no question that the "total consideration" must be arrived at by multiplying the number of acres times the selling price per acre. These agreements being plain and specific provisions, we find no reason to allow them to be controlled by the general provision indicating the manner of payment of the commission. We find no legal or grammatical inconsistency between the specific provisions as to the amount of the commissions and the general provisions as to the method and timing of paying the commissions. It is not inconsistent to provide for a commission in a specific amount and then provide that the commission shall be paid in installments from actual cash received by the sellers, including both principal and interest. The manner of such payments merely accelerates the discharge of the obligation to pay commissions in the specified amounts, and there is no provision in the agreements that

Matz agency shall receive interest on the commissions until finally paid.

The terms of the contracts under which the purchaser was to meet interest and principal payments, when examined in the context of the entire sales transaction, appear to throw some light on intentions of the parties in making their agreements for installment payment of the commissions. The down payment of ten percent was to be applied as prepayment of interest, and no payment of principal was required until the sixth anniversary date of the contract. By providing that the commission payments were to be made out of actual cash received, whether interest or principal, the agent would receive payments on commissions even during the early years when sellers were receiving no principal payments on the total consideration.

We conclude that since the agreements specify the total amount of each commission to be paid Matz in plain and unambiguous language, and these specific provisions are not in disharmony with the manner of payment of the commissions, that is, out of all actual cash receipts, both principal and interest, we may not disregard the specific provisions in favor of a general provision indicating the manner of payment.

■ All parties filed motions for summary judgment in district court, and the trial court overruled the motion of Appellants Storey and Lee and entered judgment for Appellee Matz Agency. This Court is authorized, upon finding reversible error, to render such judgment as the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure; *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Trinity Universal Insurance Company v. Bellmead State Bank,* 396 S.W.2d 163, 169 (Tex.Civ.App. Dallas 1965, writ ref. n. r. e.); *Aetna Life Insurance Company v. Eilers,* 367 S.W.2d 732, 736 (Tex.Civ.App. Waco 1963, writ ref.).

The judgment of the trial court is reversed. We render judgment that Appellee Matz Agency take nothing by its suit.

Reversed and Rendered.