EMPLOYEES RETIREMENT SYSTEM
of Texas, Respondent,

v.

W. T. McDONALD, Petitioner.

No. 12562.

Court of Civil Appeals of Texas,
Austin.

May 18, 1977.

Rehearing Denied June 8, 1977.

John L. Hill, Atty. Gen. of Texas, John Reeves, Asst. Atty. Gen., Austin, for respondent.

Bob Kuhn, Kuhn, Collins & Rash, Austin, for petitioner.

O'QUINN, Justice.

W. T. McDonald filed application for writ of mandamus in district court of Travis County in August of 1976, seeking to compel the Employees Retirement System of Texas to accept petitioner's tender of $9,668 as full payment of contributions to establish

his eligibility for retirement benefits from "prior public service" not related to his service as a member of the judiciary, from which he was certified as a retired member in September of 1973.

The Employees Retirement System answered by pleas to the jurisdiction and in abatement, grounded principally upon failure of petitioner to exhaust administrative remedies before the Board of Trustees of the Employees Retirement System of Texas having charge of general administration by direction of the Constitution of Texas.

The trial court in October of 1976, after hearing, ordered that writ of mandamus issue directing the Employees Retirement System to accept $9,236 out of Petitioner's tender of $9,668 as full payment for all contributions to establish his eligibility to receive retirement benefits based upon prior service of eight years in the Texas Legislature under provisions of Article 6228i as amended.

The Employees Retirement System, by pleadings and contentions below and on appeal, maintains that petitioner is not qualified to proceed under provisions of Article 6228i, Vernon's Anno.Civ.Sts., to establish eligibility for service in the Legislature occurring *before* petitioner's retirement from the judiciary. The System insists that Article 6228a(3)(E) is the applicable statute by which petitioner's eligibility must be established.

■ In his original application, petitioner alleged tender of $9,884 as payment to establish prior legislative service, service with Texas A & M University, and service with the Texas Relief Commission. Although the record does not reflect an amendment filed to abandon some of the enumerated services, petitioner on appeal states by brief that he amended the application before trial to seek establishment as prior service "only his eight years of legislative service." The record reflects that the trial court specified in its judgment prior service only for "eight years in the Texas Legislature." Without objection by the Employees Retirement System in denial of petitioner's statement as to amendment, we receive it as true.

■ The Retirement System on appeal brings seven points of error. Under the first and third points, the System contends that since there are disputed questions of fact and because petitioner below failed to avail himself of administrative remedies, writ of mandamus is not available. We will sustain these points, bearing upon jurisdiction, and will not reach the remaining points. The order of the trial court will be set aside, and the application for writ of mandamus will be dismissed.

Petitioner below brought this action for writ of mandamus only, and no remedy is sought to resolve differences between petitioner and the Retirement System as to which statute properly accords petitioner a right to his claim. Petitioner asked the Court to compel an official act, and to adjudicate which statute would control and which party was right under the disputed facts. We conclude that a classic case of unavailability of mandamus is presented.

The Supreme Court in 1939 adopted language of a recognized legal writer on extraordinary legal remedies who stated, "The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must first be established in some other form of action. Mandamus will not lie to establish as well as enforce a claim of uncertain merit." *Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939).

■ It is settled that mandamus will lie when the duty to act is clear and there is no dispute of fact. *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593, 602 (Tex.1975); *Cobra Oil & Gas Corporation v. Sadler*, 447 S.W.2d 887, 895 (Tex.1968); *Williams v. Pitts*, 151 Tex. 408, 251 S.W.2d 148, 150 (1952); *Wortham v. Walker, supra.*

Prior to the filing of this action, when petitioner was bringing to the attention of the Retirement System his claims for retirement benefits for services other than in the judiciary, administrators within the System assumed certain facts based upon payroll

records independently investigated, and relying on the assumptions, called upon petitioner to pay the lump sum of $23,962.40. Petitioner disagreed with these assumptions and refused to tender the amount requested. It appears that petitioner relied on a procedure under one statute, and the Retirement System insisted a different statute was applicable, as pointed out earlier. Without pursuing further administrative remedies to adjust differences as to amounts of contributions and applicability of procedures, petitioner filed his application for writ of mandamus. The trial court sought to adjudicate which statute was controlling and to adjust the amount of petitioner's tender, with orders that the difference be refunded to petitioner by the Retirement System.

The Retirement System urges that judicial control of the administrative action should await an administrative hearing, instituted pursuant to provisions of Article 6252–13a of the Administrative Procedure and Texas Register Act (Acts 1975, 64th Leg., p. 136, ch. 61, eff. Jan. 1, 1976). Under this Act provision is made that: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by statute." Sec. 19, Art. 6252–13a.

Administration and responsibility for operation of the Retirement System of Texas are placed in the State Board of Trustees (Art. 6228a, sec. 6(A), Acts 1969, 61st Leg., p. 2433, ch. 814, eff. Sept. 1, 1969), and the Board is authorized to establish rules and regulations for eligibility and for administration of funds and for transaction of its business. Section 6A(6). The Retirement System points to rules and regulations promulgated by the Board of Trustees prescribing administrative remedies which were not pursued by petitioner. (Rule 335.-10.00.106).

■ Under a rule well established, mandamus will not lie where the petitioner has another clear and effective remedy, adequate to obtain the relief to which he may be entitled. *Manion v. Lockhart,* 131 Tex. 175, 114 S.W.2d 216, 219 (1938); *Lovell v. Bynum,* 315 S.W.2d 20, 22 (Tex.Civ.App. Austin 1958, writ ref'd n. r. e.). The other remedy must be complete and effective, and the right of appeal within the administrative agency is recognized as an adequate remedy. *Arnold v. City of Sherman,* 244 S.W.2d 880, 883 (Tex.Civ.App. Dallas 1951, writ ref'd); *Shield v. State,* 428 S.W.2d 684, 690 (Tex.Civ.App. Austin 1968, writ ref'd n. r. e.).

■ As observed earlier, this suit was brought for mandamus orders alone and no other adjudication by the courts has been sought. Until the administrative remedies are exhausted, the disputed claims and rights are not so clear as to warrant issuance of a writ of mandamus. The judiciary is without power to issue advisory opinions. Article II, section 1, Constitution of Texas. To treat the judgment of the trial court as declaratory on construction of Articles 6228a and 6228i, the judgment becomes settlement of a contested matter between petitioner below and the Retirement System. Article 6252–13a must first be complied with to allow the Retirement System to receive and consider all evidence essential to make a final decision, by which the System has opportunity to discover and correct any errors that may have been committed. *Texas Air Control Board v. Travis County,* 502 S.W.2d 213, 215–16 (Tex.Civ. App. Austin 1973, no writ).

The judgment of the trial court is reversed. The petition for writ of mandamus is dismissed, without prejudice to right of petitioner below to seek, by hearing and appeal within the administrative structure of the Employees Retirement System of Texas to establish his right to retirement benefits for service in the Legislature.

Reversed and Petition for Writ of Mandamus Dismissed.