**ARKANSAS LOUISIANA GAS COMPANY, Appellant,**

v.

**RAILROAD COMMISSION OF TEXAS et al., Appellees.**

No. 12976.

Court of Civil Appeals of Texas, Austin.

Aug. 22, 1979.

Rehearing Denied Sept. 14, 1979.

Victor F. Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Mark White, Atty. Gen., Joyce Beasley, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

Arkansas Louisiana Gas Company, which serves twenty-seven cities in East Texas, appeals from judgment of the district court denying the company writ of mandamus to compel the Railroad Commission to take jurisdiction of its motion for bond and to approve bond enabling the company to initiate rates proposed by it prior to adverse action by the cities denying the proposed rates, from which rate decisions Arkansas Louisiana now has its appeal pending before the Commission.

The gas company brings two points of error contending that under provisions of Section 43(e) of Article 1446c, V.A.T.S. (Public Utility Regulatory Act), the Railroad Commission " . . . is vested with the power and authority, upon appeal of a utility rate matter to it, to prescribe the form for Bond, to fix the amount thereof . . . so as to enable the utility to institute changed rates in the concerned municipalities pending final determination of the rate proceedings."

The attorney general, in behalf of the Railroad Commission, and the intervening cities take the position that the provisions of Section 43(e) are inapplicable to the Commission in its exercise of appellate jurisdiction in gas utility rate matters, and that Section 43 in all its parts appertains to the "regulatory authority" having *original*, as opposed to *appellate*, jurisdiction of utility rates.

We agree with the contention of the Railroad Commission and will affirm the judgment of the district court.

The Legislature, in Section 19 of the Utility Regulatory Act, expressly fixed the respective jurisdictions of municipalities and of the Railroad Commission "over all gas utility rates, operations, and services provided by any gas utility *within . . . city or town limits.*" Under Section 19(a) " . . . the governing body of each municipality shall have *exclusive original* jurisdiction . . . " over gas utility rates; and under Section 19(b) the Railroad Commission " . . . shall have *exclusive ap-*

*pellate* jurisdiction to review all orders or ordinances of municipalities as provided in this Act." The only exclusive *original* jurisdiction of gas rates assigned to the Railroad Commission is " . . . in areas *outside* the limits of municipalities." Section 19(b). (All emphasis added).

Appellant gas company, in contending that the Railroad Commission has jurisdiction to prescribe the amount and form of a bond, relies in the main on provisions of Section 43(e) quoted in full:

"(e) If the regulatory authority fails to make its final determination of rates within 90 days from the date that the proposed change otherwise would have gone into effect, the utility concerned may put a changed rate, not to exceed the proposed rate, into effect upon the filing with the regulatory authority of a bond payable to the regulatory authority in an amount and with sureties approved by the regulatory authority conditioned upon refund and in a form approved by the regulatory authority. The utility concerned shall refund or credit against future bills all sums collected during the period of suspension in excess of the rate finally ordered plus interest at the current rate as finally determined by the regulatory authority."

In urging this section as authority for its contention, the gas company incorrectly assumes (1) that the regulatory authority referred to is the Railroad Commission and (2) that the ordinances passed by the governing bodies of the municipalities did not make a "final determination" of rates.

The record discloses that the gas company, in conformity with Section 43(a) of the Regulatory Act, filed with the various municipalities in September of 1977 statements of its intent to increase the rates it charges for gas service within each of the cities. As conceded by the appellant, thereafter " . . . each of these regulatory authorities . . . timely made its final determination of the appropriate rates to be charged . . . for future gas service within its respective boundaries . . . [following which appellant] appealed those final determinations to the Railroad Commission on March 31, 1978."

Shortly after its appeal to the Railroad Commission, appellant filed pleadings seeking approval of a bond to permit the gas company to put into effect the rates it had originally proposed to the various municipalities.

By Section 43(a) through (f), the Legislature obviously intended to prescribe a course of action, which procedure may be initiated, as authorized under paragraph (a), by the utility itself, through which utility rates may be established by the "regulatory authority having original jurisdiction." Section 3(g) of the Act provides: "The term 'regulatory authority,' when used in this Act, means, *in accordance with the context where it is found,* either the commission, the railroad commission, or *the governing body of any municipality.*" (Emphasis added). When viewed in its entirety, Section 43(a) through (f) deals with the regulatory authority having original jurisdiction, which in this case would mean the governing bodies of the several municipalities concerned.

■ When read in that manner, provisions of Section 43(e), set out above, show a design to minimize regulatory delay in original proceedings, which in this case, as already pointed out, were initiated by appellant gas company under authority of Section 43(a). Thus, under Section 43(e), if the cities had failed to make "final determination of rates within 90 days from the date the proposed change otherwise would have gone into effect," the gas company could have put into effect its own proposed rates, upon filing a bond approved by the governing bodies of the cities in the details required by the statute. No basis for such bond exists in this case, as each municipality "timely made its final determination of the appropriate rates to be charged."

From the final determination made by the municipalities, the gas company had the right under Section 26(a) of the Act to "appeal the decision of the governing body to the . . . railroad commission." Section 26(e) provides that, "The . . . railroad commission shall hear such appeal

de novo and by its final order fix such rates as the municipality should have fixed in the ordinance from which the appeal was taken." In like manner, when a judgment or decree of a trial court is reversed, the appellate court is required "to render such judgment or decree as the court below should have rendered." Rule 434, Rules of Civil Procedure; *Storey v. Dick Matz Agency*, 537 S.W.2d 507 (Tex.Civ.App. Austin 1976, writ ref'd n. r. e., Tex., 542 S.W.2d 116).

The rates established by the municipalities were by *final determination* and were not rendered a nullity by reason of appeal by the gas company. Under Section 26 an appeal is to be initiated within 30 days, whereas under the earlier statute, Article 6058, V.A.T.S., authorizing appeals in gas utility cases, the time allowed was 60 days. Section 19(c) of the Act provides that provisions of the Act "shall be deemed to be in addition to all existing laws" relating to jurisdiction of the Railroad Commission over gas utilities, and unless specifically in conflict with the Act, are not limited by the Act. Thus Articles 6058 *et seq.* remain viable, except when in specific conflict with the Act.

■ Under both Article 6058 and Section 26 of the Utility Act, the appeal becomes a *de novo* hearing before the Railroad Commission. The final determination made by a municipality remains the effective rate for the gas company until final action of the Railroad Commission, except (1) in instances where the rate fixed by the city sought to *reduce* existing rates, allowing bonding of rates (Art. 6058), and (2) in cases in which the Railroad Commission adopts *interim rates* upon proper request pending final action on appeal. See *City of Corpus Christi v. Public Utility Commission*, 572 S.W.2d 290 (Tex.Sup.1978).

■ Under the facts of this case, the only legal rate was the rate established by the municipalities, and continuing validity during appeal is supported by Article 6058 and the Regulatory Act. Section 43(f) provides that the rates established by the regulatory authority, in this case the several cities, " . . . are thereafter to be observed until changed, as provided by this Act."

■ We hold that Section 43(a) through (f) prescribes the procedure by which the utility, operating within the corporate limits of a municipality, may initiate change in rates with the governing body of the city, having *original* jurisdiction, followed by appeal to the body, in this case the Railroad Commission, having *appellate* jurisdiction. Section 43(e), upon which appellant relies for authority to require the Railroad Commission to approve a bond to allow the gas company to put into effect its proposed rates, has no application to the Railroad Commission under the facts of this case, and the regulatory authority there referred to is the authority having original jurisdiction, in this case the governing bodies of the several municipalities in which appellant operates.

■ In seeking mandamus to compel the Railroad Commission to fix and approve a bond, appellant has failed to show that the duty to fix and approve a bond is so clear and free from any substantial question that the Railroad Commission should be ordered to act as requested. *Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939); *Employees Retirement System v. McDonald*, 551 S.W.2d 534 (Tex.Civ.App. Austin 1977, writ ref'd).

We conclude that the district court properly denied appellant's application for writ of mandamus, for the reasons stated above, and that the judgment should be in all things affirmed.

Judgment of the trial court is affirmed.

PHILLIPS, C. J., not participating.