# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00177-CV

**Continental Casualty Company, Appellant**

**v.**

**Esther Rivera; Texas Workers= Compensation Commission;
and Leonard Riley in his Official Capacity, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. GN101192, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## O P I N I O N

Continental Casualty Company appeals from the district court=s dismissal for want of jurisdiction of Continental=s suit for judicial review. Continental sought review of the Texas Workers= Compensation Commission=s decisions that (i) Continental did not file a timely appeal with the Commission=s appeals panel and (ii) claimant, Esther Rivera, sustained a compensable injury. For the reasons that follow, we affirm the district court=s order of dismissal.

## PROCEDURAL BACKGROUND

The pertinent facts of this case are not in dispute. In the underlying Commission proceedings, Continental contested Rivera=s entitlement to workers= compensation benefits. After a

contested case hearing in El Paso, a Commission hearing officer determined that Rivera was entitled to benefits. Continental received the hearing officer=s decision on January 11, 2000. On January 21, 2000, Continental mailed to the Commission a request for review of the decision, with a copy of the request mailed to Rivera on the same day. Rivera received the request on January 26, 2000, and the Commission received the request on February 1, 2000. The Commission appeals panel determined that Continental=s request for review was untimely because it arrived at the Commission one day after the twenty-day deadline to file the request. *See* 28 Tex. Admin. Code ' 143.3 (2003).[1] The appeals panel further determined that, as a result of the untimely filing, the decision and order of the hearing officer became final. Tex. Lab. Code Ann. ' 410.169 (West 1996).

Continental requested judicial review in an El Paso County district court, seeking a judgment that Rivera was not entitled to benefits. The court dismissed the case for want of jurisdiction, with leave to refile the case within sixty days Ain a court of proper jurisdiction.@ Continental then filed suit in a Travis County district court. In the Travis County case, Continental sought a declaration that it had timely filed its request for review with the appeals panel, a mandate that the appeals panel consider the merits of the request for review, or, in the alternative, a determination that Rivera did not sustain a compensable injury. Rivera and the Commission filed pleas to the jurisdiction on the ground that the court had no jurisdiction over a decision of the hearing officer that was not timely appealed.

---

[1] Because the applicable provisions of rule 143.3 have not changed since the subject of this suit arose, we will cite the current version of the rule for convenience.

2

The district court initially granted the pleas to the jurisdiction in part but denied the pleas as to Continental=s causes of action for judicial review under the labor code and declaratory judgment under section 2001.038 of the government code. Tex. Gov=t Code Ann. ' 2001.038 (West 2000). Continental filed a motion for clarification of the court=s order on the ground that it was unclear whether the court would determine the merits of the case or only the issue of whether Continental timely filed its request for review with the appeals panel. The district court then set aside its order, granted Rivera=s and the Commission=s pleas to the jurisdiction in full, and dismissed the case. In the order of dismissal, the court determined that the Commission had correctly interpreted and applied rule 143.3 concerning deadlines for filing a request for review. 28 Tex. Admin. Code ' 143.3. Continental appeals by two issues, contending that, because the appeals panel erred in its determination that Continental=s request for review was untimely, the district court erred in granting the pleas to the jurisdiction.

## ANALYSIS

### Timeliness of Request for Review

Continental contends in its first issue that the appeals panel erred in determining that Continental=s request for review was untimely. Because our examination of the appeals panel ruling involves interpretation of an administrative rule, we employ well-settled principles of statutory construction. Statutory construction is a question of law, which we review *de novo. Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002). We construe the text of an administrative rule under the same principles as if it were a statute. *Texas Gen. Indem. Co. v. Texas Workers=Comp. Comm=n*, 36 S.W.3d 635, 641 (Tex. App.CAustin 2000, no pet.). We bear in mind that an administrative agency has the power to

3

interpret its own rules, and its interpretation is entitled to great weight and deference. *Id.* The agency=s construction of its rule is controlling unless it is plainly erroneous or inconsistent. *Id.*

Continental argues that this matter Ainvolves interpretation of Texas Worker=s Compensation Rule 143.3(c).@ 28 Tex. Admin. Code ' 143.3(c). But we may not view a part of a rule in isolation when interpreting its meaning. Rather, we must consider the rule as a whole, not just a single phrase, clause, or sentence thereof. *See Southwestern Life Ins. Co. v. Montemayor*, 24 S.W.3d 581, 583 (Tex. App.CAustin 2000, pet. denied) (citing *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985)). We must also ensure that the Commission has interpreted the rule to be in harmony with its enabling statute. *Gulf States Utils. Co. v Public Util. Comm=n*, 784 S.W.2d 519, 527 n.5 (Tex. App.CAustin 1990), *aff=d*, 809 S.W.2d 201 (Tex. 1991).

The statute governing the deadline to request review by the appeals panel states in pertinent part:

> To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.

Act of May 22, 1993, 73d Leg., R.S., ch. 269, ' 1, 1993 Tex. Gen. Laws 987, 1208 (amended 2001) (current version at Tex. Lab. Code Ann. ' 410.202(a) (West Supp. 2003)). Rule 143.3 adds a five-day Amailbox rule@ to the fifteen-day filing deadline:

> (a)   . . . The request shall: . . .

4

(3)   be *filed* with the commission=s central office in Austin not later than the 15th day after receipt of the hearing officer=s decision; and

(4)   be *served* on the other party on the same day filed with the commission.

\* \* \*

(c)   A request made under this section shall be presumed to be *timely filed or timely served* if it is:

(1)   mailed on or before the 15th day after the date of receipt of the hearing officer=s decision, as provided in subsection (a) of this section; and

(2)   received by the commission or other party not later than the 20th day after the date of receipt of the hearing officer=s decision.

28 Tex. Admin. Code ' 143.3(a), (c) (emphasis added).

Continental, reading rule 143.3(c)(2) in isolation, argues that the language Areceived by the commission or other party not later than the 20th day@ must be read to mean that timely receipt of the request by the claimant satisfies all deadlines. Under Continental=s reasoning, Rivera=s receipt of the request for review in El Paso would impute notice to the Commission in Austin. We reject this reading of the rule. Rule 143.3(a) clearly delineates between *filing* the request for review with the Commission in Austin and *serving* a copy of the request on another party. *See id.* ' 143.3(a). Rule 143.3(c) repeats the delineation: Atimely filed or timely served.@ *Id.* ' 143.3(c). Construing these provisions together, we conclude that timely receipt by the claimant alone does not suffice to perfect the appeal. Instead, rule 143.3 requires that Continental=s request for review must be filed with and received by the Commission no later than the twentieth day after the date that Continental received the hearing officer=s decision.

5

Here, the parties agree that Continental received the hearing officer=s decision on January 11, 2000. The parties further agree that the Commission did not receive Continental=s request for review until February 1, 2000, twenty-one days after Continental received the decision. Construing rule 143.3 as a whole, we conclude that Continental=s request for review was untimely because the Commission received the request one day after the twenty-day deadline for receipt. Accordingly, we overrule Continental=s first issue.

***Plea to the Jurisdiction***

Continental contends in its second issue that the district court erred in granting the appellees= pleas to the jurisdiction. A plea to the jurisdiction contests the district court=s subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Texas Dep=t of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Because subject matter jurisdiction poses a question of law, we review rulings on a plea to the jurisdiction *de novo. See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The plaintiff bears the burden of pleading facts that show the district court has subject matter jurisdiction; therefore, to determine whether a plaintiff has affirmatively demonstrated the court=s jurisdiction to hear the cause, we should Aconsider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.@ *See Texas Dep=t of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) (quoting *Texas Natural Res. Conservation Comm=n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)); *Brannon v. Pacific Employers Ins. Co.*, 224 S.W.2d 466, 469 (Tex. 1949). The nature of the issues raised in the plea determines the scope of the court=s focus; this

6

means we may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. Unless the defendant pleads and proves that the plaintiff=s allegations were fraudulently made to confer jurisdiction or the face of the petition affirmatively demonstrates a lack of jurisdiction, the district court must liberally construe the plaintiff=s allegations in favor of jurisdiction. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *Peek v. Equipment Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex. 1989).

No right of judicial review of agency action exists unless a statute provides for such review, or the action adversely affects a vested property right or otherwise violates a constitutional right. *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000) (citing *Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385, 385-86 (Tex. 1967)). Continental does not claim that the Commission=s action violated a constitutional right. Continental=s petition sought judicial review of the Commission=s actions through four statutory avenues: (1) review of the appeals panel decision under sections 410.251, 410.255, and 410.301 of the labor code; (2) statutory interpretation under section 2001.038 of the government code and the Uniform Declaratory Judgments Act (UDJA); (3) mandamus relief under section 15.014 of the civil practice and remedies code; and (4) suspension of the deadline for seeking judicial review under section 16.064 of the civil practice and remedies code. We will thus determine whether any of these routes was sufficient to invoke the district court=s jurisdiction.

We will first examine Continental=s request for judicial review under sections 410.251, 410.255, and 410.301 of the labor code. *See* Tex. Lab. Code Ann. '' 410.251, .255, .301 (West 1996). Section 410.251, entitled AExhaustion of Remedies,@ provides that a Aparty that has exhausted its

7

administrative remedies and is aggrieved by a final decision of the appeals panel may seek judicial review@ under the methods provided for in subchapters F and G of the labor code. *Id.* ' 410.251. This exhaustion of remedies requirement applies to sections 410.255, in subchapter F, and 410.301, in subchapter G. *Id.* '' 410.255, .301; *see Functional Restoration Assocs.*, 19 S.W.3d at 398 (stating that section 410.251 provides the *right* of judicial review; sections 410.255 and 410.301 provide the *manner* of judicial review). Through section 410.301, Ajudicial review of issues regarding compensability or income or death benefits,@ Continental sought review of the hearing officer=s decision that Rivera sustained a compensable injury. *See id.* ' 410.301. Through section 410.255, Ajudicial review of issues other than compensability or income or death benefits,@ Continental sought review of the appeals panel=s determination that Continental=s request for review was untimely. *See id.* ' 410.255.

Continental contends that it has satisfied both of the requirements for seeking judicial review under section 410.251. We disagree. Obtaining judicial review under section 410.251 requires exhaustion of remedies. *See id.* ' 410.251. Included in the scheme for exhaustion of remedies is a timely request to the appeals panel for review of the hearing officer=s decision. *See id.* ' 410.202; 28 Tex. Admin. Code ' 143.3. Continental=s request for review to the appeals panel was untimely; thus, Continental failed to exhaust its administrative remedies. Because Continental did not satisfy one of the requirements for judicial review under section 410.251, the district court was without jurisdiction to review Continental=s causes of action brought under sections 410.251, 410.255, and 410.301 of the labor code.

Continental additionally sought review of the appeals panel decision by way of a request for declaratory relief under the UDJA and section 2001.038 of the government code, to Adeclare the rights

8

between the parties with respect to [rule 143.3].@ *See* Tex. Civ. Prac. & Rem. Code Ann. '' 37.001-.011 (West 1997 & Supp. 2003); Tex. Gov=t Code Ann. ' 2001.038 (West 2000). Section 2001.038(a) of the government code provides that the Avalidity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule . . . interferes with or impairs . . . a legal right or privilege of the plaintiff.@ Tex. Gov=t Code Ann. ' 2001.038(a). Section 37.003(a) of the UDJA provides that a Acourt of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.@ Tex. Civ. Prac. & Rem. Code Ann. ' 37.003(a) (West 1997).

A declaratory judgment action under the UDJA is available if (1) a justiciable controversy exists and (2) the controversy can be resolved by court declaration. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (citing *Texas Ass=n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). However, the UDJA does not establish subject matter jurisdiction. A declaratory judgment action is merely a procedural device for deciding matters already within a court=s subject matter jurisdiction. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994); *Texas Ass=n of Bus.*, 852 S.W.2d at 444. The UDJA does not itself confer jurisdiction or substantive rights, and it cannot change the basic character of a lawsuit. *Morales*, 869 S.W.2d at 947. Continental=s request for declaratory relief will be viable only if it is germane to a justiciable controversy already within the district court=s jurisdiction.

We thus turn to whether Continental invoked the jurisdiction of the district court in its request for mandamus relief under section 15.014 of the civil practice and remedies code. This section provides that an Aaction for mandamus against the head of a department of the state government shall be brought in Travis County.@ Tex. Civ. Prac. & Rem. Code Ann. ' 15.014 (West 2002). Mandamus is an

9

extraordinary remedy that is available only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *See In re Masonite*, 997 S.W.2d 194, 197 (Tex. 1999) (citing *Walker v. Packer*, 827 S.W.2d 833, 840-41 (Tex. 1992)). The relator has a heavy burden of demonstrating that it is entitled to the relief requested. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994).

Continental requested in its petition that the district court mandate Athat the Appeals Panel consider the merits of the Request for Review.@ Continental argues, without citing authority other than section 15.014, that the ATravis County District Court clearly has mandatory jurisdiction in this type of suit.@ But section 15.014 only states that *venue* is mandatory in Travis County. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 15.014 (Aaction . . . shall be brought in Travis County@). Whether the district court had jurisdiction to hear the mandamus action is a separate question.

It is well established that mandamus will not lie where a petitioner has another clear and effective remedy, adequate to obtain the relief to which he may be entitled. Here, the workers= compensation act provides for appeals panel review of a hearing officer=s decision. Continental failed to avail itself of that remedy because its request for review to the appeals panel was untimely. When a petitioner fails to exhaust administrative remedies, as did Continental here, the district court is without jurisdiction to grant mandamus relief. *See Employees Ret. Sys. v. McDonald*, 551 S.W.2d 534, 536 (Tex. Civ. App.CAustin 1977, writ ref=d).

Finally, Continental urges that section 16.064 of the civil practice and remedies code Asaves@ its suit from dismissal for lack of jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. ' 16.064 (West

10

1997). Continental initially requested judicial review in an El Paso County district court, which dismissed the case for want of jurisdiction with leave to refile the case within sixty days. Continental then sought judicial review in Travis County, in part under section 16.064, which reads as follows:

> (c) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed . . .; and
>
> (2) not later than the 60th day after the date of dismissal . . . becomes final, the action is commenced *in a court of proper jurisdiction*.

*Id.* (emphasis added). The provision, Adesigned to protect litigants from the running of limitations in certain circumstances,@ *Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex. App.CAustin 1991, no writ), tolls the statute of limitations for up to sixty days until suit is refiled in a court of *proper jurisdiction*.[2] Section 16.064 does not confer jurisdiction on the district court.

---

[2] Although no one contends that Continental=s request for judicial review was untimely, we note that section 16.064 will not toll the running of limitations in proceedings created by statute to enforce statutory rights, such as statutory review of workers= compensation proceedings. *Gutierrez v. Lee*, 812 S.W.2d 388, 392 (Tex. App.CAustin 1991, writ denied).

11

Because none of Continental=s causes of action invoked the jurisdiction of the district court, we overrule Continental=s second issue and affirm the district court=s dismissal of Continental=s suit for want of jurisdiction.

## CONCLUSION

Rule 143.3 requires that Continental=s request for review by a Commission appeals panel must have been filed with and received by the Commission no later than the twentieth day after the date that Continental received the hearing officer=s decision. 28 Tex. Admin. Code ' 143.3. Because the Commission did not receive Continental=s request for review until the twenty-first day, Continental=s request for review was untimely. Continental therefore failed to exhaust its administrative remedies and cannot obtain jurisdiction for judicial review through sections 410.251, 410.255, and 410.301 of the labor code. *See* Tex. Lab. Code Ann. '' 410.251, .255, .301.

Furthermore, Continental failed to invoke the jurisdiction of the district court through its actions for declaratory and mandamus relief. Continental=s request for declaratory relief did not itself confer jurisdiction. *Morales*, 869 S.W.2d at 947. The court was further without jurisdiction to grant Continental=s request for mandamus relief because Continental failed to exhaust its administrative remedies. Additionally, Continental=s request for relief by way of section 16.064 of the civil practice and remedies code did not confer jurisdiction on a court; that provision only suspended the running of a statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. ' 16.064. Because none of Continental=s causes of action invoked the jurisdiction of the district court, we affirm the district court=s dismissal of Continental=s suit.

12

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   November 6, 2003