TEXAS GENERAL INDEMNITY
COMPANY, Appellant,

v.

TEXAS WORKERS' COMPENSATION
COMMISSION; Todd Brown in his
Official Capacity as Executive Di-
rector of the Texas Workers' Compen-
sation Commission; and Michael Ma-
cik, Appellees.

No. 03–00–00370–CV.

Court of Appeals of Texas,
Austin.

Dec. 21, 2000.

Rehearing Overruled Feb. 28, 2001.

Katie Flahive, Flahive, Ogden & Latson, Austin, for appellant.

Dewey E. Helmcamp III, Assistant Attorney General, Austin, for appellee.

Before Chief Justice ABOUSSIE, Justices SMITH and PATTERSON.

ABOUSSIE, Chief Justice.

Appellant, Texas General Indemnity Company ("TGI"), filed a declaratory judgment action challenging the validity of an

administrative rule of the Texas Workers' Compensation Commission ("the Commission") in district court. Appellees, the Commission and Todd Brown, former Executive Director of the Commission (collectively "TWCC"), filed a plea to the jurisdiction; TGI and TWCC both filed cross motions for summary judgment. The district court granted TWCC's plea to the jurisdiction, dismissing the cause, and conditionally rendered judgment denying TGI's motion for summary judgment and granting TWCC's motion for summary judgment. TGI appeals the district court's dismissal and judgment. We will affirm.

## BACKGROUND

Michael Macik ("Macik") was injured while working for Amoco Texas Refining Company and pursued a claim for workers' compensation benefits from TGI. The commission hearings division held a hearing to determine whether Macik was entitled to impairment income benefits despite not having sustained any disability as a result of his injury. A commission hearing officer found that Macik was entitled to impairment income benefits. This finding was based upon a prior commission appeals panel decision in which the panel upheld the validity of section 130.8 of the Texas Administrative Code ("Rule 130.8"), which requires a carrier to initiate payments of impairment income benefits to an injured employee regardless of whether the employee has suffered seven or more days of disability. *See* 28 Tex.Admin.Code § 130.8 (2000). The commission appeals panel affirmed the hearing officer's decision requiring TGI to pay impairment income benefits to Macik.

TGI appealed the panel's decision in Galveston County district court. Along with its appeal, TGI simultaneously filed a declaratory judgment action in Travis County challenging the validity of Rule 130.8. TWCC filed a plea to the jurisdiction in the Travis County district court, asserting that a declaratory judgment cannot be maintained alongside an administra-

tive appeal and that TGI could not challenge the Commission's rule in light of the pending judicial review of Macik's claim in Galveston County. TGI and TWCC filed cross motions for summary judgment on the merits of the validity of Rule 130.8. The Travis County district court granted TWCC's plea to the jurisdiction and dismissed TGI's suit in Travis County, having determined that it did not have jurisdiction and that the issues should instead be litigated in Galveston County district court. The court nevertheless proceeded to conditionally deny TGI's motion for summary judgment and grant TWCC's motion for summary judgment. TGI now appeals from the district court's dismissal and judgment.

## DISCUSSION

■ In its first point of error, TGI argues that the Travis County district court erred in dismissing TGI's declaratory judgment action because jurisdiction and venue to hear a challenge to an administrative agency rule is mandatory in Travis County. In support of its argument, TGI relies on section 2001.038 of the Texas Administrative Procedure Act ("APA"), which provides a statutorily prescribed method for challenging the validity or applicability of an agency rule "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." Tex.Gov't Code Ann. § 2001.038(a) (West 2000). Section 2001.038 of the APA mandates that "[t]he action may be brought *only* in a Travis County district court." *Id.* § 2001.038(b) (emphasis added). We agree with TGI that the statute creates mandatory jurisdiction in Travis County for challenging the validity of an agency rule. *Cf. Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 892 (Tex.1986) (holding that similar language in Texas Education Code created mandatory jurisdiction in Travis County); *Rowden v. Texas Catastrophe Prop. Ins. Ass'n*, 677 S.W.2d 83, 88 (Tex.

App.—Corpus Christi 1984, writ ref'd n.r.e.) (holding that statutory provision of Texas Insurance Code naming Travis County as place of appeal was jurisdictional, and not merely permissive, venue provision).

The Travis County district court could therefore have properly maintained TGI's declaratory judgment action challenging the validity of Rule 130.8 while the Galveston County district court entertained TGI's appeal of the commission appeals panel decision. However, the district court's dismissal was not erroneous in light of previous litigation involving TGI. At the time TGI filed its suit for declaratory judgment in the present case in Travis County district court, it had already received a judicial declaration from a sister court of appeals that impairment income benefits are payable even without disability, and that the Commission had not exceeded its authority in promulgating Rule 130.8. *See Texas Gen. Indem. Co. v. Eisler*, 981 S.W.2d 744 (Tex.App.—Houston [1st Dist.] 1998, no pet. h.) (motion for extension filed).

In 1994, TGI filed suit in Galveston County district court for judicial review of a Commission decision ordering TGI to pay impairment income benefits to Charles Eisler ("Eisler"), another Amoco Company employee. As in the present case, TGI simultaneously filed suit in Travis County seeking a declaratory judgment that Rule 130.8 was invalid. Eisler filed a motion to transfer venue in the Travis County suit, and the Travis County district court granted the motion, transferred the cause to Galveston County, and consolidated the Travis County case with the Galveston County case. *Id.* at 745. The *Eisler* case in Galveston County subsequently proceeded to trial on the consolidated issues; TGI lost on both issues and appealed to the First Court of Appeals. *Id.* The court of appeals affirmed the Galveston County district court's order, holding (1) that Eisler was eligible for impairment income benefits despite his not having been dis-

abled for at least seven days, and (2) that the Commission did not exceed its rule-making authority by enacting Rule 130.8. *Id.*

 Because the issues of whether impairment income benefits may be paid in the absence of a disability lasting for at least one week and whether the Commission exceeded its authority in enacting Rule 130.8 have already been decided as to these parties, TGI is barred by the doctrine of res judicata from relitigating these issues. Res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). The two principle categories encompassed by this doctrine are (1) claim preclusion (also known as res judicata), and (2) issue preclusion (also known as collateral estoppel). *Id.* Claim preclusion prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Id.* The elements of claim preclusion include: a prior final judgment on the merits by a court of competent jurisdiction; identity of parties or those in privity with them; and a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

 Collateral estoppel, or issue preclusion, prevents relitigation of particular issues already resolved in a prior suit. *Barr*, 837 S.W.2d at 628. Defendants urge defensive collateral estoppel to prevent relitigation by a plaintiff of issues previously litigated and lost by the plaintiff against another defendant. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex.1998) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). The touchstone of the doctrine of collateral estoppel, in the sense of issue preclusion, is that a party is entitled to only one full

and fair opportunity to litigate the issue in question. *Root v. Brodhead,* 854 S.W.2d 706, 709 (Tex.App.—Austin 1993, no writ).

■ An unpleaded affirmative defense, such as res judicata, may serve as the basis for summary judgment when it is raised in a summary judgment motion, and the opposing party does not object to the lack of an affirmative pleading in either its written response or before the rendition of judgment. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991). TWCC's motion for summary judgment invoked collateral estoppel, under the broad doctrine of res judicata, to prevent TGI from relitigating the identical issue TGI had lost in the *Eisler* case. In its motion for summary judgment, TWCC stated that "[t]he Houston Court of Appeals addressed *the exact same issue* raised by Plaintiff in [*Eisler*] ... [t]his decision is or should be res judicata on this issue." (Emphasis added.) TGI does not assert it has not had a full and fair opportunity to litigate the issues in question. Rather, it argues that the issue of the validity of the Commission's promulgation of Rule 130.8 was litigated in the *wrong forum,* that the Galveston Court lacked jurisdiction to hear TGI's challenge to the validity of a Commission rule, that such a rule can only be challenged in a Travis County district court, and that TGI is therefore entitled to have this question again decided by a Travis County district court.

As stated, we believe that a challenge to an agency rule should, under section 2001.038 of the APA, be brought in a Travis County district court. *See* Tex. Gov't Code Ann. § 2001.038(b). While the declaratory judgment portion of the *Eisler* case could properly have been heard in the Travis County district court, instead of being transferred to the Galveston County district court and consolidated with the case there pending, the fact remains that the case was transferred; the Galveston County district court proceeded to judgment on the issue of Rule 130.8's validity,

and the First Court of Appeals subsequently affirmed the judgment of the Galveston County court. TGI effectively accepted the court of appeals' decision by taking no further action to contest that decision. Although this Court is not bound to follow the holding of the *Eisler* decision, the parties themselves are barred from relitigating the issues raised therein. The First Court of Appeals decided the issue of the validity of the Commission's promulgation of Rule 130.8 adversely to TGI; TGI cannot attempt to obtain a more favorable judgment regarding the very same issue merely by raising it before this Court. We overrule TGI's first point of error.

We note that this appeal comes to us in an unusual posture. The trial court dismissed the cause for lack of jurisdiction; nevertheless, the trial court conditionally ruled upon the parties' competing motions for summary judgment in the event it was held to be in error for dismissing the cause. For the same reason, we consider TGI's issue regarding the validity of Rule 130.8. In its second point of error, TGI argues that the district court erred in denying TGI's motion for summary judgment and granting TWCC's motion for summary judgment on the basis that Rule 130.8 is not contrary to section 408.082 of the Labor Code and is therefore a valid exercise of the Commission's rulemaking authority under the APA.

■ When both parties move for summary judgment and the district court grants one motion and denies the other, the unsuccessful party may appeal both the prevailing party's motion as well as the denial of its own. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). In such a situation, we review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). The parties to the present case do not dispute any facts. The only question before us is whether Rule 130.8 conflicts with the Labor Code. In resolving

this issue, we are called upon to interpret provisions of both the Labor Code and the Texas Administrative Code. Because the interpretation of statutes is a question of law, we review the district court's decision *de novo*. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).

There are four types of benefits available to injured workers under the Texas Workers' Compensation Act: medical, income, death, and burial. Tex.Lab.Code Ann. § 401.011(5) (West Supp.2001). Within the category of income benefits, there are four specific levels or tiers of income benefits: (1) temporary income benefits; (2) impairment income benefits; (3) supplemental income benefits; and (4) lifetime benefits. *See generally id.* §§ 408.081–.162 (West 1996 & Supp.2001). These four types of income benefits are distinct from one another. *See Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 513 (Tex.1995); *Eisler*, 981 S.W.2d at 747. Each type of income benefit is discussed in a separate section of the statute. *See* Tex.Lab.Code Ann. § 408.101–.162 (West 1996 & Supp.2001).

▮▮▮ The various benefits have different requirements for eligibility and compensate for different losses. As the supreme court explained in *Garcia,* "Temporary income benefits compensate for lost wages while an injured employee is convalescing." *Garcia,* 893 S.W.2d at 513. They accrue when an employee suffers a disability and continue until "maximum medical improvement." *Id.;* Tex.Lab. Code Ann. § 408.101, .102 (West 1996). Impairment income benefits, on the other hand, are intended to compensate for the impairment itself, and thus are payable without regard to post-injury wages or wage earning capacity. *Garcia,* 893 S.W.2d at 514. Section 408.121 of the Labor Code details when entitlement to such benefits accrue as follows:

(a) An employee's entitlement to impairment income benefits begins on the day after the date the employee

reaches maximum medical improvement. . . .

Tex.Lab.Code Ann. § 408.121 (West 1996). The Labor Code defines "maximum medical improvement" as the earlier of: (A) the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated, or (B) the expiration of 104 weeks from the date on which income benefits begin to accrue. *Id.* § 401.011(30) (West Supp.2001). Eligibility for impairment income benefits therefore does not depend on whether the employee suffers a disability, but instead on whether the employee is left with an impairment after reaching maximum medical improvement.

▮▮▮ Where language in a statute is unambiguous, we must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990)). Strained or narrow construction of the workers' compensation laws that deny the employee benefits are improper. *Kroger Co. v. Keng,* 976 S.W.2d 882, 890 (Tex. App.—Tyler 1998), *aff'd,* 23 S.W.3d 347 (Tex.2000). The plain language of the Workers' Compensation Act evinces the intent of the legislature that an injured employee who reaches maximum medical improvement be entitled to impairment income benefits whether or not the employee has suffered a disability for at least a week. This conclusion is supported by the liberal construction we apply to workers' compensation legislation "to carry out its evident purpose of compensating injured workers and their dependents." *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999).

▮▮▮ In order to implement and enforce workers' compensation legislation, the legislature has authorized the Commission to adopt rules as necessary. *Duenas v. Garland Indep. Sch. Dist.,* 961 S.W.2d

19, 23 (Tex.App.—Dallas 1996, writ denied); *see* Tex.Lab.Code Ann. § 402.061 (West 1996). As authorized, the Commission has adopted rules of practice and procedure. *Duenas,* 961 S.W.2d at 23; *see* 28 Tex.Admin.Code §§ 41.1–181.1 (2000). One such rule is Rule 130.8, which in relevant part, reads as follows:

> (a) Impairment income benefits accrue on the day after the injured employee reaches maximum medical improvement, regardless of whether the employee has suffered seven or more days of disability.

28 Tex.Admin.Code § 130.8(a). The text of an administrative rule must be construed under the same principles as if it were a statute. *Gulf States Utils. Co. v. Public Util. Comm'n,* 784 S.W.2d 519, 528 (Tex.App.—Austin 1990), *aff'd,* 809 S.W.2d 201 (Tex.1991). We bear in mind that an administrative agency unquestionably has the power to interpret its own rules, and that its interpretation is entitled to great weight and deference by a court called upon to interpret or apply such rules. *Id.* at 527 n. 5. The agency's construction of its rule is controlling unless it is plainly erroneous or inconsistent. *Id.* An agency rule is furthermore presumed to be valid, and the party challenging the rule has the burden to show the agency did not have the authority to promulgate it. *Texas Home Mgmt., Inc. v. Texas Dep't of Mental Health & Mental Retardation,* 953 S.W.2d 1, 3 (Tex.App.—Austin 1997, pet. denied).

TGI argues that Rule 130.8, in granting entitlement to impairment income benefits "regardless of whether the employee has suffered seven or more days of disability," conflicts with Labor Code section 408.082, which states that income benefits will not be paid unless disability exists for at least seven days. *See* Tex.Lab.Code Ann. § 408.082. Because section 408.082 is entitled "Income Benefits in General," TGI concludes that the minimum requirement of at least one week disability applies to all forms of income benefits, including impairment income benefits. TGI's interpreta-

tion, however, focuses on the relationship of Rule 130.8 to a general provision of the statute, section 408.082, while ignoring section 408.121, the specific provision governing impairment income benefits.

When two sections of a statute address a similar subject matter and a general provision can be read to conflict with a more specific provision, "the general provision is controlled or limited by the special provision." *GMC Superior Trucks, Inc. v. Irving Bank & Trust Co.,* 463 S.W.2d 274, 276 (Tex.Civ.App.—Waco 1971, no writ); *accord City of Dallas v. Mitchell,* 870 S.W.2d 21, 23 (Tex.1994). In such circumstances, the special provision is regarded as though it were an exception or proviso, removing something from the operation of the general law. *Trinity Universal Ins. Co. v. McLaughlin,* 373 S.W.2d 66, 69 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.). Although the *general provision* governing eligibility for income benefits, section 408.082, states that an injured worker must have a disability for at least one week before benefits are paid, the Workers' Compensation Act contains a *specific provision,* section 408.121, which governs eligibility for impairment income benefits. Section 408.121 states that an employee's entitlement for impairment income benefits begins on the day after the employee reaches maximum medical improvement; this provision makes no mention of disability. *See* Tex. Lab.Code Ann. § 408.121. Section 408.121, as a specific provision, therefore acts as an exception to section 408.082's requirement that an injured employee have suffered at least a week of disability before benefits accrue; in the case of impairment income benefits, an employee's entitlement does not depend on disability.

We agree with the *Eisler* court and the Commission that Rule 130.8 relates to section 408.121, not 408.082. *Eisler,* 981 S.W.2d at 747; *Appellant,* 1994 WL 445791 (Texas Workers' Comp. Comm'n Appeals Panel Aug. 11, 1994). Read in conjunction with section 408.121, Rule 130.8 imple-

ments the intent of the legislature, as evinced by the plain language of section 408.121, that an injured employee is entitled to impairment income benefits after reaching maximum medical improvement, regardless of whether the employee was disabled for at least seven days. As such, Rule 130.8 is a valid exercise of the Commission's rulemaking authority. We overrule TGI's second point of error.

## CONCLUSION

We affirm the district court's dismissal; if, however, we are in error, we determine that Rule 130.8 is a valid exercise of the Commission's rulemaking authority and that such rule is not contrary to Texas Labor Code section 408.082, and we accordingly affirm the district court's judgment on those grounds.