ACCEPTED
03-14-00396-CV
3671274
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 4:26:35 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00396-CV

# In the Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/6/2015 4:26:35 PM
JEFFREY D. KYLE
Clerk

TEXAS BOARD OF CHIROPRACTIC EXAMINERS AND
YVETTE YARBROUGH, EXECUTIVE DIRECTOR,
*Appellants,*

v.

TEXAS MEDICAL ASSOCIATION,
*Appellee.*

On Appeal from the
353rd Judicial District, Travis County, Texas
No. D-1-GN-11-000326

## MOTION FOR PANEL REHEARING
## AND/OR EN BANC REHEARING

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

JONATHAN F. MITCHELL
Solicitor General

APRIL L. FARRIS
Assistant Solicitor General
State Bar No. 24069702

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-2923
Fax: (512) 474-2697
april.farris@texasattorneygeneral.gov

COUNSEL FOR APPELLANTS

## INDEX OF AUTHORITIES

**Cases**

*Browning v. Prostok*,
 165 S.W.3d 336 (Tex. 2005)................................................................. 3, 9

*Heckman v. Williamson County*,
 369 S.W.3d 137 (Tex. 2012).................................................................... 5

*Nat'l Am. Ins. Co. v. Texas Prop. & Cas. Ins. Guar. Ass'n for Paula Ins. Co.*,
 No. 03-09-00680-CV, 2013 WL 4817637 (Tex. App.—Austin Aug.
 28, 2013, no pet.)................................................................................... 9

*Tex. Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*,
 375 S.W.3d 464 (Tex. App.—Austin 2012, pet. denied)................................ *passim*

*Tex. Gen. Indem. Co. v. Tex. Workers' Comp. Comm'n*,
 36 S.W.3d 635 (Tex. App.—Austin 2000, no pet.)..................................... 4, 6

*Thomas v. Long*,
 207 S.W.3d 334 (Tex. 2006).................................................................... 5

**Statutes**

22 TEX. ADMIN. CODE § 71.17 ..................................................................... 6

22 TEX. ADMIN. CODE § 75.17 ................................................................... 2, 7

22 TEX. ADMIN. CODE § 75.17(b)(5)............................................................. 7

22 TEX. ADMIN. CODE § 75.17(b)(9) ............................................................ 7

22 TEX. ADMIN. CODE § 75.17(c)(3)(C) ....................................................... 7

22 TEX. ADMIN. CODE § 75.17(d) ............................................................. 7, 8, 9

22 TEX. ADMIN. CODE § 75.17(d)(1).......................................................... *passim*

22 TEX. ADMIN. CODE § 75.17(d)(1)(A) ...................................................... 8, 9

22 TEX. ADMIN. CODE § 75.17(d)(1)(B) ......................................................... 8

TEX. GOV'T CODE § 2001.038 ........................................................................... 3

TEX. OCC. CODE § 201.002................................................................................ 2

TEX. OCC. CODE § 201.002(b)(1) ...................................................................... 9

No. 03-14-00396-CV

In the Third Court of Appeals
Austin, Texas

---

TEXAS BOARD OF CHIROPRACTIC EXAMINERS AND
YVETTE YARBROUGH, EXECUTIVE DIRECTOR,
*Appellants*,

v.

TEXAS MEDICAL ASSOCIATION,
*Appellee.*

---

On Appeal from the
353rd Judicial District, Travis County, Texas
No. D-1-GN-11-000326

---

## MOTION FOR PANEL REHEARING AND/OR EN BANC REHEARING

---

The Court's memorandum opinion—issued mere hours after this complex case was submitted for decision without the benefit of the requested oral argument—suffers from three fundamental errors that require rehearing: (1) the opinion misstates the appellate issues at the outset, and so resolves appellate issues that the Texas Board of Chiropractic Examiners and its Executive Director (TBCE) did not assert; (2) the opinion resolved the subject-matter jurisdiction inquiry using a method that the Texas Supreme Court prohibits; (3) the opinion misstates which administrative rule is at issue with respect to a key component of TBCE's jurisdictional challenge, and consequently reaches an erroneous conclusion.

Appellants, therefore, respectfully request panel rehearing and an opportunity to present oral argument on TBCE's issues, which are of great consequence to the practice of chiropractic in Texas.

## ARGUMENT

Rehearing should be granted for three reasons. First, the Court's opinion errs from the outset by purporting to address and resolve a challenge to the trial court's jurisdiction over the *entire lawsuit*. Slip Op. at *1 (misstating TBCE's position, at the outset of the opinion, as "assert[ing] . . . that the district court lacked subject-matter jurisdiction over the *TMA's suit* because it is an impermissible collateral attack" (emphasis added)). But TBCE has never challenged the trial court's jurisdiction over Texas Medical Association's (TMA) entire suit, which consists of distinct declaratory-relief claims seeking invalidation of four different provisions of the chiropractic Scope of Practice Rule, 22 Tex. Admin. Code § 75.17. *See* Slip. Op. at *3 (listing the four provisions of the Scope of Practice Rule challenged in TMA's suit). The opinion's premise that TBCE has challenged the district court's jurisdiction over "TMA's suit" cannot be reconciled with TBCE's stated appellate issues, its requested relief, or its thorough briefing in this matter.[1]

---

[1] *Compare* Slip Op. at *1 (misstating TBCE's position as "assert[ing] . . . that the district court lacked subject-matter jurisdiction over the TMA's *suit* because it is an impermissible collateral attack . . ." (emphasis added)) *with* TBCE Br. at x (Statement of the Issues) (challenging jurisdiction over only "TMA's request for a declaration that 'the use of the term 'diagnosis' in the Board's Scope of Practice Rule 'violate[s] Tex. Occ. Code § 201.002'"); *id.* at 37 (Prayer for Relief) (requesting relief only as to

Rather, TBCE's plea to the jurisdiction and this appeal challenged *only* the trial court's subject-matter jurisdiction over one of these four claims—TMA's request to invalidate the provision of the Scope of Practice Rule "authorizing chiropractors to 'diagnose' diseases," Slip Op. at *3, which is at § 75.17(d)(1). TBCE Br. 3-9, 25.

Specifically, TBCE argues that TMA, in prior litigation, filed a declaratory-relief claim attempting to invalidate § 75.17(d)(1) on the very same grounds. TMA lost that challenge, and a final judgment was entered rejecting TMA's attempt to invalidate that provision.[2] *Tex. Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 375 S.W.3d 464, 492 (Tex. App.—Austin 2012, pet. denied) (*TMA I*)). Consequently, the court has no subject-matter jurisdiction to hear TMA's second and successive claim for a declaration invalidating § 75.17(d)(1), because that claim is a collateral attack on the prior judgment. TBCE Br. 16-17, 21, 26 (citing *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (holding that a collateral attack attempts to "avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against.")). TMA's claim is also barred by collateral estoppel, which typically is an affirmative defense, but operates jurisdictionally as to a declaratory-relief

"TMA's request for declaratory relief on the issue of the use of the term 'diagnosis' in the Scope of Practice Rule"); *id.* at 4-5, 7-8, 9, 25.

[2] TBCE Br. 3-9, 25. Section 2001.038 of the Texas Government Code allows TMA to bring "an action" challenging the validity of a rule provision. It does not authorize TMA to *bring a second action* challenging the same provision on the same grounds because it disagreed with the prior judgment.

3

claim that simply relitigates the validity of an administrative rule. TBCE Br. 19, 28-29, 33, 39 (citing *Tex. Gen. Indem. Co. v. Tex. Workers' Comp. Comm'n*, 36 S.W.3d 635, 639 (Tex. App.—Austin 2000, no pet.)).

By contrast, *TBCE has never disputed* that subject-matter jurisdiction exists over the remaining three claims seeking invalidation of three other provisions of the Rule, which the parties have not litigated previously. Nor has TBCE ever argued that the case—or TMA's diagnosis-provision claim—is moot. Accordingly, the Court's holdings that "this *proceeding* is not a collateral attack on the prior judgment," and "this case is not moot," are not responsive to the issues on appeal that were actually raised and briefed by TBCE. Slip. Op. *8, 6 (emphasis added). These holdings display a fundamental misunderstanding of the issues presented and, therefore, warrant rehearing.

Second, rehearing is necessary because the opinion resolved the question of subject-matter jurisdiction in a manner that is contrary to settled Texas law: by finding subject-matter jurisdiction over the case as a whole simply because there is jurisdiction over *some* of TMA's claims. *See* Slip Op. at *6 ("This case is not moot."); *id.* at *5 ("Even if one of the arguments the TMA now advances in support of its claim has been decided against it (which we do not decide), that would not deprive the district court of subject matter jurisdiction over a challenge to provisions of the scope-of-practice rule that were not at issue in the previous litigation.").

This reasoning contravenes the Texas Supreme Court's holding that subject-matter jurisdiction must be decided on a claim-by-claim basis, not as to the case as a

4

whole. *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006) ("Long argues [that] if the trial court lacks jurisdiction over some claims but not others, it must deny the plea. We disagree. . . . [I]t is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction."); *Heckman v. Williamson County*, 369 S.W.3d 137, 152-53 (Tex. 2012) ("First, a plaintiff must demonstrate that the court has jurisdiction over (and the plaintiff has standing to bring) each of his claims; the court must dismiss those claims (and only those claims) over which it lacks jurisdiction").

Requests to invalidate different provisions of the Scope of Practice Rule are distinct claims, and each claim prevails, falls, or is waived independently of the others. *See TMA I*, 375 S.W.3d at 472-73, 490-94, 497 (analyzing requests to invalidate different provisions of the Scope of Practice Rule as distinct claims). Thus, the trial court's undisputed jurisdiction over TMA's requests to invalidate three other Rule provisions *has no bearing* on whether the court has subject-matter jurisdiction to hear TBCE's challenge to the provision "authorizing chiropractors to 'diagnose' diseases." Slip. Op. at *3. TMA has not argued otherwise, and for good reason. Texas law is clear that claims for which subject-matter jurisdiction is lacking cannot piggyback into court on separate claims for which subject-matter jurisdiction exists. *Thomas*, 207 S.W.3d at 338.

This erroneous approach yielded an erroneous decision. Relying on the trial court's jurisdiction over the three other claims, the opinion explicitly reserved judgment on the question that is dispositive of whether jurisdiction exists over TMA's claim

5

requesting the invalidation of § 75.17(d)(1): whether TMA has previously litigated and lost the same challenge to this provision of the Scope of Practice Rule that authorizes chiropractors to make a "diagnosis." Slip. Op. at *5 ("Even *if one of the arguments the TMA now advances in support of its claim has been decided against it (which we do not decide)*, that would not deprive the district court of subject matter jurisdiction over a challenge to provisions of the scope-of-practice rule that were not at issue in the previous litigation." (emphasis added)). Until this question is answered, the Court cannot resolve whether TMA's new "diagnosis"-provision claim is a collateral attack on the prior final judgment. Nor can the Court determine whether this Court's controlling decision in *Texas General Indemnity* defeats jurisdiction over TMA's request to supplant the prior court's declaration of § 75.17(d)(1)'s validity with a declaration of its invalidity. *See Tex. Gen. Indem. Co.*, 36 S.W.3d at 639 (affirming grant of a plea to the jurisdiction where the parties had already proceeded to judgment in another court on the issue of the rule's validity, and thus were "barred from relitigating" the issue).

Finally, rehearing is necessary to correct another crucial factual error that led to an erroneous legal conclusion. The opinion again misstates TBCE's briefing in reasoning that "[o]n appeal the Board argues that in *TMA I* the TMA litigated the issue of whether use of the term 'diagnosis' *rendered rule 71.17(d) invalid. . . .* The trial court's judgment in *TMA I* dealt solely with the validity of certain provisions of the scope-of-practice rule that are not at issue in the present litigation." Slip. Op. at *6 (emphasis added). But TBCE has never made any argument whatsoever regarding Rule § 71.17,

6

entitled "Temporary Faculty License." It was not at issue in *TMA I*. On the contrary, TBCE's argument has always been that, in the *TMA I* litigation, TMA litigated the issue of whether the use of the term "diagnosis" rendered 22 Tex. Admin. Code § 75.17(d) and (d)(1) (portions of the Scope of Practice Rule) invalid. *See* TBCE Br. 6-8, 10-11, 21, 25, 36 (comparing TMA's "diagnosis" pleadings on § 75.17(d) and (d)(1) in *TMA I* to TMA's "diagnosis" provision pleadings in this case).

Alternatively, assuming that this error was a typo and that the Court intended to refer to § 75.17, the statement that "[t]he trial court's judgment in *TMA I* dealt solely with the validity of certain provisions of the [Rule] that are not at issue in the present litigation" is still incorrect. Slip. Op. at *6. The opinion acknowledges that TMA here requests a declaration invalidating the Scope of Practice Rule provision "authorizing chiropractors to 'diagnose' diseases."[3] Slip. Op. at *3. But there is only one such provision in the Rule that vests chiropractors with the authority to "diagnos[e]": 22 Tex. Admin. Code § 75.17(d)(1) (under title provision § 75.17(d) ("Analysis, Diagnosis, and Other Opinions")). *See* § 75.17(d)(1) ("In the practice of chiropractic, licensees may render an analysis, diagnosis, or other opinion regarding the findings of examinations

---

[3] TMA's complaint challenges the "validity of specific provisions of 22 Tex. Admin. Code § 75.17" that "authorize[] chiropractors to diagnose diseases," but the complaint *never gives a citation* for those "specific provisions," which are found only in § 75.17(d) and (d)(1). R.4. The complaint's vagueness and omission of any citation to § 75.17(d) and (d)(1) is likely to blame for the opinion's erroneous conclusion that TMA here challenges only §§ 75.17(b)(5), 75.17(b)(9), and 75.17(c)(3)(C). Slip. Op. at *5-6. That particular holding also errs in another respect: as TBCE explained in its brief, § 75.17(c)(3)(C) "no longer existed at the time [TMA's] First Amended Complaint was filed," and that former provision's substance now appears elsewhere. TBCE Br. 23.

and evaluations."); § 75.17(d)(1)(A) and (B) (listing topics that may and may not be proper subjects of subsection (d)(1)'s authority grant). No other provision confers that authority. TMA's pleaded request for a declaration that the "use of the term 'diagnosis'" exceeds the "lawful scope of the practice of chiropractic" *must be* a request to invalidate § 75.17(d)(1). R.4.

There is no question that both the trial-court judgment and the appeal in *TMA I* "dealt" with this same provision; they did so exhaustively. To begin, *TMA I* quoted § 75.17(d) and (d)(1) in their entirety. *Texas Bd. of Chiropractic Examiners v. Texas Med. Ass'n*, 375 S.W.3d at 489. *TMA I* then proceeded to hold that: (1) TMA litigated to a final judgment the issue of whether the use of the term "diagnosis" rendered § 75.17(d) and (d)(1) invalid[4]; (2) TMA lost that claim in trial court, by virtue of the district court's denial of TMA's motion for summary judgment and its grant of TBCE's counter summary-judgment motion on that claim[5]; (3) TMA waived its right to appeal that portion of the judgment by failing to cross appeal from the judgment[6]; and (4) the

---

[4] "First, they sought a declaration that 75.17(d)'s use of 'diagnosis' in itself rendered this rule and various related rules invalid, reasoning that the statutory scope of chiropractic permits licensees to 'analyze, examine, or evaluate' certain conditions, but not to 'diagnose' them, and that 'diagnose' is instead reserved to the practice of medicine and certain other health care professions." *TMA I*, 375 S.W.3d at 490. TMA, however, won a narrower claim in the district court challenging the authorization of chiropractors to diagnose on certain topics listed in (d)(1)(A) and (B), but that portion of the judgment was reversed by this Court in *TMA I*. *Id.* at 490-91, 494, 497.

[5] "The district court denied the Physician Parties' motion and granted the Chiropractors' motions 'in part as to the Chiropractic Board's use of the word 'diagnosis' in its rule.'" *Id.* at 490-91.

[6] "[T]he Physician Parties' 'cross-point' seeks relief beyond that which they were afforded in the district court's judgment, which explicitly granted the Chiropractor Parties' motion for partial summary judgment and rendered a take-nothing judgment as to the Physician Parties' claims for a declaration

8

"effect" of TMA's failure to appeal is that the meaning of "diagnose" is "synonymous with the phrase 'analyze, examine, or evaluate' in the statutory scope of chiropractic," and thus "effectively tracks"—and so does not exceed—"the Legislature's scope of the chiropractic."[7] TBCE Br. 20-21. TMA's new pleading requesting "a declaration that the use of the term 'diagnosis' . . . exceed[s] the lawful scope of the practice of chiropractic and the authority of TBCE," R.4., attempts to avoid the binding force of the judgment and its effect. *Browning*, 165 S.W.3d at 346. There is no subject-matter jurisdiction over this collateral-attack claim.[8]

TBCE also respectfully renews its request for oral argument. The issue of whether the "diagnosis" power vested by § 75.17(d)(1) exceeds the lawful scope of the chiropractic is a question of vital importance to the Board, its Executive Director, and the thousands of chiropractors licensed to practice in the State of Texas. And the question of whether TMA's "diagnosis" challenge is a collateral attack on a judgment that has already resolved that critical issue in TBCE's favor is a question that must be

---

that the use of 'diagnosis' in itself rendered 75.17(d) invalid. Consequently, to raise this contention on appeal, the Physician Parties were required to file their own notice of appeal." *Id.* at 492.

[7] *Id.* at 491 (quoting TEX. OCC. CODE § 201.002(b)(1)); *id.* at 494 ("[R]egardless of whether diagnosis, pathology, or etiology invoke concepts of disease as the Physician Parties suggest, the bottom line is that paragraph (d)(1)(A) limits chiropractors to diagnoses regarding 'the biomechanical condition of the spine and musculoskeletal system' as required by the statutory scope of chiropractic. Accordingly, the provision does not exceed the statutory scope of chiropractic.")

[8] *Nat'l Am. Ins. Co. v. Texas Prop. & Cas. Ins. Guar. Ass'n for Paula Ins. Co.*, No. 03-09-00680-CV, 2013 WL 4817637, at *3 (Tex. App.—Austin Aug. 28, 2013, no pet.) ("[I]f the . . . action for declaratory relief attempts to avoid or requires us to interpret or modify the prior judgment, it is an impermissible collateral attack, and the trial court lacked subject matter jurisdiction.").

resolved by careful analysis of the prior trial-court judgment and opinion in *TMA I*, TMA's pleadings in the *TMA I* litigation, and TMA's pleadings in this case. That careful analysis, however, has not yet been performed.

## PRAYER

For these reasons, TBCE respectfully requests rehearing and oral argument.


Respectfully submitted.


KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

JONATHAN F. MITCHELL
Solicitor General

/s/ April L. Farris
APRIL L. FARRIS
Assistant Solicitor General
State Bar No. 24069702

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-2923
Fax: (512) 474-2697
april.farris@texasattorneygeneral.gov

COUNSEL FOR APPELLANTS

## CERTIFICATE OF SERVICE

On January 6, 2015, this motion for rehearing was served via *File & ServeXpress* on counsel in this proceeding as listed below:

Mr. David F. Bragg
LAW OFFICES OF DAVID F. BRAGG
P.O. Box 2047
Bastrop, Texas 787602
dfbragg@sbcglobal.net

*Counsel for Appellee*

Mr. Donald P. Wilcox
Ms. Kelly Walla
TEXAS MEDICAL ASSOCIATION
401 West 15th St.
Austin, Texas  78701
rocky.wilcox@texmed.org
kelly.walla@texmed.org

*Counsel for Appellee*

Mr. Jason Ray
RIGGS, ALESHIRE & RAY
700 Lavaca St. Suite 920
Austin, Texas 78731
jray@r-alaw.com

*Counsel for Intervenor Texas Chiropractic Association*

/s/ April L. Farris
April L. Farris

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this motion contains 2,637 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

/s/ April L. Farris
April L. Farris