

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00380-CV

---

LUBBOCK COUNTY, APPELLANT

V.

OSCAR REYNA, APPELLEE

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CV-0485, Honorable J. Phillip Hays, Presiding

---

June 10, 2024

## OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Lubbock County, appeals the granting of summary judgment in favor of appellee, Oscar Reyna, and denial of Lubbock County's summary judgment motion. Both motions presented the issue of whether Lubbock County could redesignate impairment income benefits and supplemental income benefits into lifetime income benefits under the applicable workers' compensation laws of Texas. We reverse the judgment of the trial court and render the appropriate judgment.

**BACKGROUND**

The parties do not dispute the facts of the case. "Reyna was injured on May 14, 2013, while working as a maintenance supervisor at the Lubbock County Courthouse. The injury occurred when Reyna was attempting to repair an issue with a tractor when his head got caught in the hydraulics, causing a significant crushing injury to Reyna's jaw and neck area." *Lubbock Cnty. v. Reyna*, No. 07-19-00330-CV, 2021 Tex. App. LEXIS 33, at *1 (Tex. App.—Amarillo Jan. 5, 2021, pet. denied) (mem. op.). The County, a self-insured participant in the Texas workers' compensation system, paid Reyna temporary income benefits (TIBs) until he reached the statutory point of maximum medical improvement, 104 weeks after his disability began. Reyna received an impairment rating of eighty-one percent, so Lubbock County paid him impairment income benefits (IIBs) from May 21, 2015, to January 15, 2020. Because Reyna's impairment rating was over fifteen percent, Lubbock County paid him supplemental income benefits (SIBs) until 401 weeks from his injury, or January 19, 2021. During the time that Lubbock County was paying Reyna the benefits identified above, Reyna sought lifetime income benefits (LIBs) for cognitive issues arising from his injury. The County denied Reyna's claim. On judicial review, the trial court upheld the determination of the Texas Department of Insurance, Division of Workers' Compensation (the "Division"),[1] that Reyna's compensable injury included a traumatic brain injury that caused "incurable insanity or imbecility"[2] and, as

---

[1] In 2005, the Legislature abolished the Texas Workers' Compensation Commission and transferred its functions to the Texas Department of Insurance, Workers' Compensation Division. *See Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 494 n.2 (Tex. 2013).

[2] The statute was amended effective September 1, 2023, replacing the phrase "incurable insanity or imbecility" with "permanent neurocognitive disorder." *See* Act of June 12, 2023, 88th Leg., R.S., ch. 721, § 2, 2023 Tex. Gen. Laws 1757, 1758.

2

such, he was entitled to LIBs.  *See* TEX. LABOR CODE ANN. § 408.161(a)(6)[3] (identifying conditions which qualify for LIBs).  We affirmed the trial court's ruling.  *See Lubbock Cnty.*, 2021 Tex. App. LEXIS 33, at *16.  The accrual date for Reyna's entitlement to LIBs was determined to be June 10, 2016.[4]

Subsequently, Lubbock County redesignated IIBs and SIBs paid to Reyna after June 10, 2016, as LIBs.[5]  This issue was presented to the Division.  The Division's Hearing Officer concluded that Lubbock County was entitled to redesignate IIBs paid after June 10, 2016, as LIBs, but was not entitled to redesignate SIBs paid after June 10, 2016, as LIBs.  Both parties sought review by the Division's Appeals Panel.  The Appeals Panel concluded that Lubbock County was entitled to redesignate both IIBs and SIBs paid after June 10, 2016, as LIBs.  Reyna sought judicial review of the Appeals Panel's decision.  Reyna and Lubbock County filed cross-motions for summary judgment.  Following a hearing on the competing summary judgment motions, the trial court granted Reyna's motion and denied Lubbock County's motion.  The Division filed a petition in intervention and became a party to this case.  *See* § 410.254.  Lubbock County timely appealed.

---

[3] Further references to provisions of the Texas Labor Code will be by reference to "section __" or "§ __."

[4] As a visual representation of the applicable time periods of Reyna's entitlement to the different types of benefits, we reproduce the following chart included in Reyna's brief:



[5] According to Lubbock County's motion for summary judgment, the amount of indemnity benefits redesignated as LIBs was $136,681.14.

By its appeal, Lubbock County presents two issues. Its first issue contends that Lubbock County is allowed to redesignate IIBs and SIBs paid to Reyna after his June 10, 2016 accrual date as LIBs. By its second issue, Lubbock County contends that the Texas Labor Code does not allow an injured worker to receive more than his average weekly wage in indemnity benefits.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Id.* at 259. When, as here, both parties move for summary judgment and the district court grants one motion and denies the other, the reviewing court must determine all questions presented and render the judgment the trial court should have rendered. *Id.*

The parties to the present appeal do not dispute any facts. The issues presented are premised on construction of applicable statutes. Because the interpretation of a statute is a question of law, we review the district court's summary judgment de novo. *Tex. Gen. Indem. Co. v. Tex. Workers' Comp. Comm'n*, 36 S.W.3d 635, 640 (Tex. App.— Austin 2000, no pet.). We interpret statutes "to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We look for that intent in the plain language of the statute. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). We give effect to all words of a provision and avoid constructions that would render any part meaningless. *Spradlin v. Jim Walters*

4

*Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000). We accord a statute's terms their common, ordinary meaning unless the Legislature has defined a term, a term has a technical meaning, or a term bears another meaning when read in context. *Brazos Elec. Power Coop. v. Tex. Comm'n on Envtl. Quality*, 576 S.W.3d 374, 384 (Tex. 2019). In such an instance where the Legislature has defined a particular term, we are bound by that definition. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We may not impose our own judicial meaning on a statute by adding words not contained in the statute's language. *Silguero v. CSL Plasma*, 579 S.W.3d 53, 59 (Tex. 2019). Likewise, we cannot rewrite a statute in the guise of interpreting it. *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492 (Tex. 2017).

### ISSUE ONE: REDESIGNATION OF IIBS AND SIBS INTO LIBS

By its first issue, Lubbock County contends that it is allowed, under applicable law, to redesignate IIBs and SIBs paid to Reyna after the June 10, 2016 LIBs accrual date as LIBs as a matter of law. Reyna responds that there is no explicit statutory or administrative authority that authorizes such a redesignation.

There are four types of benefits available to injured workers under the Texas Workers' Compensation Act: medical, income, death, and burial. § 401.011(5). Within the category of income benefits, there are four specific levels or tiers of income benefits: (1) temporary income benefits; (2) impairment income benefits; (3) supplemental income benefits; and (4) lifetime income benefits. *Tex. Gen. Indem. Co.*, 36 S.W.3d at 640. The Workers' Compensation Act defines "Income Benefit" as "a payment made to an employee for a compensable injury." § 401.011(25). The statute defines a "Compensable

5

Injury" as "an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle." § 401.011(10). An "Injury" is defined as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." § 401.011(26). Thus, according to these definitions, income benefits are payments made to compensate an injured worker for the effects of a particular compensable injury. Putting these provisions together then, a claimant is eligible for income benefits when, in the course and scope of his employment, he has suffered damage or harm to the physical structure of his body.

Construing these statutes using the definitions provided, we conclude that the Legislature intended to provide income benefits to injured workers to compensate them for a compensable *injury*. This construction precludes the payment of temporary income benefits (TIBs, IIBs, and SIBs) and permanent income benefits (LIBs) for the same period because the payment of each type of income benefit is "a payment made to an employee for *a* compensable *injury*." § 401.011(25) (emphasis added). To construe the statutory language in a way that authorizes Reyna to simultaneously recover multiple categories of income benefits pertaining to one injury would constitute "impos[ing our] own judicial meaning on a statute by adding words not contained in the statute's language." *Silguero*, 579 S.W.3d at 59.

Our construction of the Texas Workers' Compensation Act precluding multiple types of income benefits for a single injury is consistent with judicial construction in other contexts. When a plaintiff was awarded damages for Deceptive Trade Practices Act (DTPA) violations and gross negligence, the Texas Supreme Court has explained that the plaintiff must elect the type of damages he will recover when those damages are

compensating him for a single injury. *Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987). Likewise, when a jury finds damages for a plaintiff under DTPA, tort, and Insurance Code violation theories and "those findings were conclusively for the same loss," the plaintiff must elect under which theory he will recover because he is not entitled to multiple recoveries for a single injury. *Waite Hill Servs. v. World Class Metal Works*, 959 S.W.2d 182, 184–85 (Tex. 1998) (per curiam). While these cases indicate that an election of remedies must be made, in the workers' compensation context, LIBs provide a greater recovery than IIBs or SIBs and, therefore, should be the income benefits utilized.[6] *See Birchfield*, 747 S.W.2d at 367 ("where the prevailing party fails to elect between alternative measures of damages, the court should utilize the findings affording the greater recovery and render judgment accordingly.").

Our interpretation of the applicable statutes is consistent with that of the Division. In the present case[7] as well as a 2000 case,[8] the Division's Appeals Panel has indicated that a carrier who pays IIBs and/or SIBs to a claimant who is subsequently determined to have been entitled to LIBs during the time he was receiving IIBs or SIBs is entitled to credit those benefits paid against the amount of LIBs owed to the claimant. Similarly, the Division has taken this position in a comment to adoption of 28 Texas Administrative Code

---

[6] All income benefits are subject to statutory maximums. § 408.061. Subject to those maximums, weekly IIBs are equal to seventy percent of the employee's average weekly wage, § 408.126; weekly SIBs are calculated as eighty percent of eighty percent of the employee's average weekly wage minus the average weekly wage earned by the employee during the preceding quarter, § 408.144; while weekly LIBs are paid at seventy-five percent of the employee's average weekly wage and those benefits are increased at a rate of three percent per annum, § 408.161(c). Because this annual increase is not subject to the statutory maximums, § 408.161(c), LIBs offer the greatest recovery for claimants qualifying for IIBs, SIBs, and LIBs.

[7] *See* Tex. Dep't of Ins., Div. of Workers' Comp., Appeal No. 220175-s (Mar. 24, 2022).

[8] *See* Tex. Dep't of Ins., Div. of Workers' Comp., Appeal No. 00508 (Apr. 24, 2000).

section 131.1. *See* 26 TEX. REG. 10,933, 10,934 (2001) (codified at 28 Tex. Admin. Code §131.1) (Tex. Dep't of Ins., Div. of Workers' Comp.) (adoption comments) (available at https://texashistory.unt.edu/ark:/67531/metapth114087/m1/253/?q=26%20tex.%20reg.%2010933). "An administrative agency's construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute." *Emps. Ret. Sys. of Tex. v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.). We conclude that the Division's construction is reasonable and does not contradict the plain language of the statute.

In the present case, it is undisputed that Reyna suffered a compensable injury. This compensable injury has been judicially determined to qualify him to receive LIBs. *See Lubbock Cnty.*, 2021 Tex. App. LEXIS 33, at *16. During the time that Reyna's eligibility to LIBs was being contested, Lubbock County paid Reyna IIBs and SIBs until the statutory termination of SIBs on January 19, 2021.[9] However, following resolution of Reyna's claim of eligibility to LIBs, Lubbock County sought to redesignate those IIBs and SIBs paid after Reyna's June 10, 2016 LIBs accrual date into LIBs. At judicial review, Lubbock County moved for summary judgment on the grounds that Reyna was not entitled to a double recovery of both IIBs and SIBs payments as well as LIBs payments for a single injury. The trial court denied Lubbock County's summary judgment motion. Based on our analysis above, we conclude that the trial court erred in denying Lubbock

---

[9] While not relevant to the present dispute, Reyna acknowledges that, after the termination of SIBs, Lubbock County has paid Reyna LIBs in the manner prescribed by statute.

County's summary judgment motion because, as a matter of law, Reyna is not entitled to a double recovery for a single injury. As such, we sustain Lubbock County's first issue.

## ISSUE TWO: INDEMNITY BENEFITS EXCEEDING AVERAGE WEEKLY WAGE

By its second issue, Lubbock County contends that the Labor Code does not allow an injured worker to receive more than his average weekly wage in indemnity benefits. As we have concluded above that Reyna is not entitled to recover IIBs and SIBs for the same time that he recovers LIBs, we need not address Lubbock County's second issue since Reyna is not entitled to benefits that would exceed his average weekly wage. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having sustained Lubbock County's first issue, we reverse the trial court's grant of summary judgment in favor of Reyna and render summary judgment in favor of Lubbock County based on our construction of the applicable statutes as prohibiting the recovery of IIBs and SIBs simultaneously with the recovery of LIBs. Consistent with the Division's Appeals Panel's decision in this case, we order that Lubbock County is entitled to redesignate IIBs and SIBs paid after June 10, 2016, as LIBs.

Judy C. Parker
Justice

9